UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MAY RODRIGUEZ,

    Plaintiff,

v.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC., a Florid Profit Corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff, MAY RODRIGUEZ (hereinafter, "RODRIGUEZ" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC., ("APM" or "Defendant"). In support of her complaint, Plaintiff would state the following:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq., and Workers' Compensation Law, Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Miami-Dade County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a property manager. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and Florida Statutes § 440.02(15)(a).

6. Defendant is a Florida Profit Corporation, organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Boca Raton, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

8. Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

9. By March 2019, Plaintiff had been employed by Defendant for over 12 months, and she had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

**GENERAL ALLEGATIONS**

10. Plaintiff worked for Defendant as a property manager from February 27, 2017 to March 5, 2019. At the time of Plaintiff's termination, she was the property manager of 1010 Brickell Condominium Association (the "property").

11. In early February 2019, due to constant strain on Plaintiff's right wrist while working on the property, Plaintiff developed a ganglion cyst in her right wrist.

12. On February 12, 2019, Plaintiff timely informed Defendant of her injury and sought benefits through workers' compensation.

13. Plaintiff started treatment through workers compensation but her injury did not get better initially. Plaintiff did some research and mentioned to her Regional Manager, Val Prophete, that she may need surgery.

14. Soon afterwards, on or about March 5, 2019, someone from Defendant's Human Resource Department called Plaintiff at the property and advised that Plaintiff was no longer employed as of that day.

15. There is no legal, non-discriminatory reason for Defendant's decision to terminate Plaintiff. Further, Defendant interfered with Plaintiff's exercise of her FMLA rights, by failing to timely provide her with notice of her FMLA entitlement and terminating her to avoid providing her with anticipated FMLA leave for her potential surgery.

16. Prior to her injury at work and informing Defendant of her potential need for surgery, Plaintiff had no reprimands, verbal or written, in her employee file.

17. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay a reasonable fee for its services.

18. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## COUNT I: VIOLATION OF THE FMLA
## (INTERFERENCE)

19. Plaintiff re-alleges and re-avers paragraphs 1 – 18 as fully set forth herein.

20. Plaintiff was eligible for FMLA leave to care for her own serious medical conditions pursuant to 29 U.S.C. § 2612(a)(1)(D).

21. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

22. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her position.

23. Although Plaintiff's Regional Manager was aware of Plaintiff's potential need for leave for her surgery, Defendant never provided Plaintiff with any notice about her FMLA entitlement. Instead, Defendant decided to terminate Plaintiff to avoid providing her with anticipated FMLA leave.

24. As a direct result of her termination, Plaintiff has suffered lost wages.

25. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

26. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

27. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from Defendant.

28. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff MAY RODRIGUEZ requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. § 2617(a)(3); and

e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF WORKERS' COMPENSATION LAWS

29. Plaintiff re-alleges and re-avers paragraphs 1 – 18 as fully set forth herein.

30. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

31. In early February, Plaintiff suffered an on the job injury and immediately reported the injury to Defendant's corporate office.

32. Plaintiff timely sought workers' compensation benefits and started treatment in accordance with the provisions of the Workers' Compensation Law.

33. Within a month after Plaintiff sought workers' compensation benefits, Plaintiff was terminated.

34. Defendant terminated Plaintiff because of her valid claim for compensation under the Workers' Compensation Law. Plaintiff's valid claim for compensation was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes §

440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

35. Plaintiff's work record with Defendant prior to her seeking workers' compensation benefits was satisfactory.

36. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

37. The purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff MAY RODRIGUEZ requests judgment for:

    a. Plaintiff's lost wages and/or benefits as a result of her termination;

    b. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

    c. Interest on the amount found due;

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action as permitted by Florida statutes;

    e. Such other relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff MAY RODRIGUEZ hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: February 21, 2020.

                                LAW OFFICES OF CHARLES EISS, P.L.
                                Attorneys for Plaintiff
                                7951 SW 6th Street, Suite 112
                                Plantation, Florida 33324
                                (954) 914-7890 (Office)
                                (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com